IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUTH MCQUADE,
    Plaintiff,

vs.                                    Case No. 3:05cv26/RV/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, appearing pro se, has filed an amended complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983, 1988 (Doc. 4, ¶¶ 2-6). The filing fee has been paid. Service upon Defendants has not been effected. Upon review of the complaint, the court concludes Plaintiff has failed to establish a jurisdictional basis for her claims against Defendants State of Florida, Venkata R. Simpoli, John Heer, Al Stubblefield, Bob Murphy, Nancy Ramus, and Linda Nobles, and Plaintiff's claims against these Defendants are not of sufficient substance to support federal jurisdiction. Therefore, dismissal of these Defendants from this action is warranted.

    The essence of Plaintiff's complaint is that she was wrongfully involuntarily committed to a mental hospital, pursuant to The Baker Act, Florida Statutes sections 394.451 - .4789, from January 30 until February 25, 2003. Plaintiff names as Defendants the State of Florida; Governor Jeb Bush; Jerry Reiger and Lucy Hadi, former and present Secretaries of the Florida Department of Children and Families; John Mathis, Chief of Police of the Pensacola Police Department; Matthew Baxter, Officer with the Pensacola Police Department; Venkata Simpoli, a psychiatrist at Baptist Hospital; John Heer, President and Administrator of Baptist Hospital in 2003; Al Stubblefield, President and CEO of Baptist Health Care; Bob Murphy, current administrator of Baptist Hospital; Nancy Ramus, Director of Baptist Hospital's "Receiving Facility," and Linda Nobles, Circuit Court

Judge of Escambia County, Florida.  Plaintiff claims Defendants violated her First, Fourth, Fifth, and Fourteenth Amendment rights to due process, equal protection, freedom of speech, freedom of religion, and protection from unreasonable search and seizure (Doc. 4, ¶ ¶ 80-82).  Plaintiff seeks monetary damages, as well as costs and attorney fees (Doc. 4 at 13).

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed.Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004).  The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted).  Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure.  *Id.* (citations omitted).  A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations.  *Id.* (citations omitted).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists.  *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942)).

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § § 1331 and 1343(a)(3).  "Federal jurisdiction requires that a party assert a substantial federal claim. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous).  In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'"  415 U.S. at 536-37, 94 S.Ct. at 1378-79 (citations omitted).  While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination."  415 U.S. at 538, 94 S.Ct. at 1379.

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Rule 8(a)(1) of the Federal Rules of Civil Procedure provides that a pleading shall contain a short, plain statement of the grounds upon which the court's jurisdiction depends.  Although Plaintiff alleges jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § § 1983 and 1988, upon review of the complaint, this Court concludes Plaintiff's allegations fail to support the jurisdictional basis she asserts as to Defendants State of Florida, Venkata R. Simpoli, John Heer, Al Stubblefield, Bob Murphy, Nancy Ramus, and Linda Nobles.  Furthermore, the claims raised herein are not of sufficient substance to support federal jurisdiction as to these Defendants.

As to the State of Florida, it is well established that a state is not a person within the meaning of 42 U.S.C. § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989).  Because the previous decisions of the Supreme Court leave no room for the inference that Plaintiff may maintain a § 1983 action against the State of Florida, Plaintiff's claims against this Defendant are plainly insubstantial and should be dismissed for lack of jurisdiction.

Additionally, Plaintiff failed to plead the elements of a cause of action based on § 1983 as to Defendants Venkata R. Simpoli, John Heer, Al Stubblefield, Bob Murphy, and Nancy Ramus. "Section 1983 creates a private right of action for damages and injunctive relief against individuals and governmental bodies whose conduct under the color of state or local law deprives a plaintiff of rights, privileges, or immunities 'secured by the Constitution or laws." Arnold v. Board of Educ. of Escambia County, Ala., 880 F.2d 305, 309 (11th Cir. 1989).  To state a prima facie claim under § 1983, a plaintiff must allege:

1. the defendant's conduct caused the constitutional violation, and
2. the challenged conduct was "under color of state law."

*See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

In the instant case, although Plaintiff alleges violations of her constitutional rights, she does not allege Defendants employed by Baptist Hospital, specifically, Venkata R. Simpoli, John Heer, Al Stubblefield, Bob Murphy, and Nancy Ramus, acted under color of state law; rather, she states they merely supported the enforcement of state law. Because Plaintiff's § 1983 claims as to these private Defendants obviously lack an arguable basis in law and are absolutely devoid of merit, the claims as to these Defendants should be dismissed. *See* Harris v. Bush, 106 F.Supp.2d 1272, 1275 (N.D.Fla. 2000) (Plaintiff, involuntarily committed mental patient, failed to properly plead elements of § 1983 action against private hospitals and administrators thereof where Plaintiff failed to allege defendants acted under color of state law or how defendants violated his constitutional rights).

Likewise, Plaintiff's claims against Judge Nobles should be dismissed. It is well established that judges acting in their judicial capacity are absolutely immune from claims for monetary damages, including claims for attorneys fees and costs. *See* 42 U.S.C. § 1988(b); Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *see also* Sun v. Forrester, 939 F.2d 924 (11th Cir. 1991), *cert. denied*, 503 U.S. 921, 112 S.Ct. 1299, 117 L.Ed.3d 521 (1992). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); Forrester v. White, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988). An act by a judge is judicial in nature where it is a function ordinarily performed by a judge and the parties are dealing with the judge in his judicial capacity. Mireles, 502 U.S. at 11, 112 S.Ct. at 288; Stump, 435 U.S. at 362, 98 S.Ct. at 1108; *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996).

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. Stump, 435 U.S. at 355-357, 98 S.Ct. at 1104-05; *see also* Mireles, 502 U.S. at 11, 112 S.Ct. at 288 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction and knew or must have known that he was acting in such a manner. Stump, 435 U.S. at 349; Tucker v. Outwater, 118 F.3d 930, 934 (2d Cir.), *cert. denied*, 522 U.S. 997, 118 S.Ct. 562, 139 L.Ed.2d 402 (1997). An act is done in

"clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Ireland v. Tunis, 113 F.3d 1435 (6th Cir.), *cert. denied*, 522 U.S. 966, 118 S.Ct. 560, 139 L.Ed.2d 401 (1997). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 207. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357, 98 S.Ct. at 1105. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir.) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction), *cert. denied*, 454 U.S. 816, 102 S.Ct. 93, 70 L.Ed.2d 85 (1981). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357, 98 S.Ct. at 1105 (quotation omitted).

In the instant case, Plaintiff concedes Defendant Nobles is a circuit court judge in the State of Florida (*see* Doc. 4 at 1). Section 394.467 of The Baker Act grants subject matter jurisdiction to the state circuit courts to perform the acts which Plaintiff alleges Judge Nobles performed and which allegedly violated Plaintiff's constitutional rights. *See* Fla. Stat. § § 394.455, 394.467. Thus, Plaintiff's claims for monetary damages and costs and fees have no arguable basis in law and should therefore be dismissed.

In sum, Plaintiff has failed to show that a jurisdictional basis exists for her claims against the State of Florida, Venkata R. Simpoli, John Heer, Al Stubblefield, Bob Murphy, Nancy Ramus, and Judge Linda Nobles. Furthermore, because her claims against these Defendants obviously lack an arguable legal basis, they are not of sufficient substance to support federal jurisdiction. Therefore, the State of Florida, Venkata R. Simpoli, John Heer, Al Stubblefield, Bob Murphy, Nancy Ramus, and Judge Linda Nobles should be dismissed as Defendants from this action.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the State of Florida, Venkata R. Simpoli, John Heer, Al Stubblefield, Bob Murphy, Nancy Ramus, and Judge Linda Nobles be **DISMISSED** as Defendants from this action.

Case No.: 3:05cv26/RV/EMT

  2. That this case be remanded to the undersigned for further proceedings.

At Pensacola, Florida, this 18<u>th</u> day of May, 2005.

              <u>/s/ *Elizabeth M. Timothy*</u>
              **ELIZABETH M. TIMOTHY**
              **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**